# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JUNIOR JERMAINE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-2765-JDT-cgc |
| | ) | |
| DISTRICT ATTORNEY GENERAL'S OFFICE FOR THE 30th JUDICIAL DISTRICT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 1, 2018, Plaintiff Junior Jermaine Johnson, who is incarcerated at the Federal Correctional Institution in Memphis, Tennessee (FCI-Memphis),[1] filed a civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on November 8, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the District

---

[1] In the complaint, Plaintiff provided an address for FCI Memphis in Bartlett, Tennessee. However, the correct address is not Bartlett, but Memphis. *See* https://www.bop.gov/locations/institutions/mem/. The Clerk is directed to MODIFY the docket to correct Plaintiff's address.

Attorney General's Office for the 30th Judicial District of Tennessee;[2] the unnamed Shelby County Criminal Court Clerk; the Tennessee Department of Correction (TDOC); and Mary Mosley, a TDOC official in sentence management.[3]

Johnson states in the complaint that he was sentenced in federal court to a 110-month term of imprisonment. *United States v. Johnson*, 07-cr-20173-JPM (W.D. Tenn. June 26, 2009) (amended judgment). On February 22, 2010, after he began serving that federal sentence, Johnson also was sentenced to 12 years at 60% on a state charge in the Criminal Court for Shelby County, Tennessee, with 30 months of pretrial jail credit to be applied. The state sentence was ordered to be served concurrent with the federal sentence, and after the state-court sentencing Johnson was returned to federal custody. (ECF No. 1-1 at PageID 4.) Johnson alleges that in 2013 he became concerned that his state sentence had been calculated incorrectly. He contacted his attorney and wrote to the Shelby County Criminal Court Clerk and Defendant Mosley about his concerns. (*Id.*) However, when Johnson was released from federal prison on December 20, 2015, he still had a detainer for the state sentence even though it already should have expired; therefore, he was taken into TDOC custody at that time. He alleges that if his state sentence had been calculated correctly, he would have been released from federal prison to a halfway house on August 17, 2015. (*Id.* at PageID 5.)

---

[2] This is the correct name of the "Shelby County District Attorney Office."

[3] Rachel Jackson has also been listed on the docket as a defendant. However, the reference in the complaint to Rachel Jackson is actually to the Rachel Jackson *Bldg.*, the address of the TDOC. (ECF No. 1 at 2.) The Clerk is directed to further MODIFY the docket to delete Rachel Jackson as a defendant.

While he was in state prison, Johnson's attorney successfully moved the state trial court to grant Johnson the sentence credit he should have received, (*id.*), and an order to that effect was filed January 27, 2017, (Ex. 3, ECF No. 1-4 at PageID 8). Consequently, Johnson was released from TDOC custody on March 10, 2017. (ECF No. 1-1 at PageID 5; *see also* Ex. 4, ECF No. 1-5 at PageID 10.) He contends that as a result of the error in calculating the state sentence, he served 18 months and 23 days beyond the date he should have been released.[4]

Johnson alleges the fact that he was imprisoned beyond his sentence expiration date violated his constitutional rights. He seeks monetary damages. (ECF No. 1 at PageID 2-3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

---

[4] Johnson has since been reincarcerated in federal prison after violating the terms of his supervised release. *Johnson*, No. 07-20173-JPM (Oct. 2, 2017) (judgment on supervised release violation, imposing an additional 24 months in prison).

57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

4

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Johnson's claims against the TDOC and the District Attorney General's Office, as well as any official capacity claim against Mosley, a TDOC employee, are treated as claims against the State of Tennessee. As such, the claims are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A

State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

To the extent Johnson intends to assert an official capacity claim against the Shelby County Criminal Court Clerk, his claim is against Shelby County. However, a local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a

7

government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). Johnson does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

As for individual capacity claims against Defendant Mosley and the Shelby County Criminal Court Clerk, the only factual allegation is that Johnson wrote letters to them about his incorrect sentence. (ECF No. 1-1 at PageID 4.) He does not allege that either of these Defendants actually was responsible for the error in his sentence; therefore, he presumably complains because they did not respond to the letters and/or did nothing to correct the sentence after it was brought to their attention. Johnson fails to allege, however, that either Mosley or the Criminal Court Clerk had the authority to correct his sentence.[5] Therefore, the mere allegation that Mosley and the Criminal Court Clerk did not respond to his letters fails to state a claim for a constitutional violation. *Cf. Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (supervisor may not be held liable under § 1983 for conduct of subordinate unless he "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct"); *cf. also, George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (failure of a supervisor to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability).

---

[5] The fact that Johnson's attorney ultimately had to file a motion with the trial court to have the sentence corrected would suggest that neither Mosley nor the Criminal Court Clerk could have done so on their own.

Finally, all of Johnson's claims are untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. If the trial court's order correcting Johnson's state sentence could be construed as an order declaring that sentence invalid or calling it into question, the one-year statute of limitations would have commenced to run on January 27, 2017, the date of that order. *See Harrison v. Michigan*, 722 F.3d 768, 771-72 (6th Cir. 2013). The complaint in this case was docketed on November 1, 2018, and Johnson signed it on October 26, 2018. Even if he mailed the complaint on the date it was signed, *see Houston v. Lack*, 487 U.S. 266 (1988), it would be untimely.

The trial judge did not, however, actually declare Johnson's state sentence invalid, he only shortened the sentence to correct the calculation error. Therefore, the limitations period was not triggered until Johnson's release from state prison on March 3, 2017. *See*

*Teats v. Johnson*, No. 3-11-0753, 2012 WL 4471257, at *1-2 (M.D. Tenn. Sept. 26, 2012). Even so, his complaint still was filed more than one year later and is time-barred.

For the foregoing reasons, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES the complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff Johnson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is

CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that an appeal in this matter by Plaintiff Johnson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Johnson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Johnson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Johnson, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[6] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

---

[6] Johnson previously filed *Johnson v. Memphis Police Dep't, et al.*, No. 10-2110-JDT-cgc (W.D. Tenn. Apr. 29, 2010) (dismissed for failure to state a claim).

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE